UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KYREE D. BRODGEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-cv-00146-TWP-DML |
| ANDREW ARCHER and J. SUTTON | ) ) ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed by Defendants Andrew Archer ("Archer") and Josh Sutton ("Sutton") (collectively the "Defendants") (Dkt. 29). *Pro se* Plaintiff Kyree Brodgen ("Brodgen"), an inmate currently incarcerated at the Floyd County Jail, filed this civil rights action under 42 U.S.C. § 1983 alleging that jail officers Archer and Sutton used excessive force against him. The Defendants seek summary judgment arguing that Brodgen failed to exhaust his available administrative remedies before filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Brodgen has responded to the Defendants' Motion, and the Defendants have submitted a reply. Brodgen submitted a sur-reply, which the Defendants have moved to strike (Dkt. 37). For the reasons stated below, the Defendants' Motion for Summary Judgment is **granted** and their Motion to Strike is **denied**.

## I. LEGAL STANDARDS

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable

substantive law." *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.*, 906 F.3d 621, 628 (7th Cir. 2018).

## II. STATEMENT OF FACTS

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to Brodgen as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

### A. Evidence Considered

In their reply, Defendants highlight that Brodgen did not designate any evidence in support of his response and that his response is unsworn. (*See* Dkt. 34.) Generally, "[a]dmissibility is the threshold question because a court may consider only admissible evidence in assessing a motion for summary judgment". *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). An unsworn pleading that is not signed under the penalty of perjury is inadmissible for purposes of defeating a motion for summary judgment. *See Owens v. Hinsley*, 635 F.3d 950, 954-55 (7th Cir. 2011) (noting that a verified response in opposition to motion for summary judgment was admissible even though it was not an affidavit because "a declaration under [28 U.S.C.] § 1746 is equivalent to an affidavit for purposes of summary judgment"); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir.

2004) (concluding that a "verified response constitutes competent evidence to rebut the defendants' motion for summary judgment").

However, district courts must construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998); *see also Norfleet v. Walker*, 684 F.3d 688, 691 (7th Cir. 2012) (noting *pro se* litigant "can be excused from full compliance with technical procedural rules provided there is substantial compliance"). Because Brodgen is proceeding *pro se*, the Court will consider as evidence the statements made in both his response and his sur-reply. Consequently, Defendants' Motion to Strike, dkt. 37, is **denied**.

B. **Administrative Remedy Procedure**

The Floyd County Jail ("the Jail") maintains an administrative grievance procedure through which inmates can address all conditions related to their confinement, including but not limited to medical care, correctional policies, procedures, rules, and interactions with correctional staff. Inmates at the Jail are made aware of the grievance procedure through the Floyd County Corrections Division Inmate Handbook Rules & Regulations ("Handbook"). All inmates must acknowledge receipt of the Handbook in order to access the computerized kiosk system used for submitting grievances and requests.

Pursuant to the policy, effective January 1, 2017, inmates are encouraged to attempt to resolve grievances informally. If an inmate cannot informally resolve a grievance, he may submit a formal grievance through the kiosk system . The inmate must complete the electronic grievance form and include the date and time of the incident, a description of the incident, and the names of

the people involved in the incident. A grievance must be submitted on the electronic form within five days of the incident that gave rise to it.

The officer assigned to respond to the grievance must do so within ten days after the grievance was first received, excluding weekends and holidays. The assigned officer must write a response on the inmate's grievance form and electronically submit the response to the inmate through the kiosk. A grievance concerning an emergency or an inmate's welfare will be answered as soon as possible.

If an inmate is not satisfied with the response to his grievance, he must appeal, in writing, to the next higher level in the chain of command within five days of receiving the assigned officer's response. The officer who receives the appeal must respond to the inmate by completing an electronic response within ten days of first receiving the appeal, excluding weekends and holidays.

If an inmate is unsatisfied with the response to his appeal, he may appeal to the Sheriff. An appeal to the Sheriff must be submitted within five days of receiving the response to his first appeal. The Sheriff will make the final decision. If an inmate is dissatisfied with the Sheriff's response, he may then seek a judicial remedy.

The Handbook prohibits oral grievances and states that the Jail will accept only "grievances made through the kiosk system." (Dkt. 31-1 at 12.) If an inmate has an inability to file a grievance, he must "request assistance from a corrections officer who will not withhold a reasonable request for assistance." *Id.*

## C. __Brodgen's Use of the Administrative Remedy Procedure__

Brodgen was booked into the Jail on October 24, 2018. In his complaint, he alleges that Officer Sutton and Officer Archer used excessive force against him on May 10, 2019, while responding to an altercation involving Brodgen and two other inmates.

Between May 10, 2019 and August 14, 2019, Brodgen did not file any grievances. He did, however, file multiple requests. These requests concerned medical care and general issues. For example, on May 18, 2019, Brodgen submitted a general request in which he apologized for the altercation on May 10, 2019, and asked to be released from segregation early. On June 28, 2019, he submitted a second general request asking to be seen by medical staff on the same day he submits a medical request.

During that same period, Brodgen submitted seven medical requests. In these requests, he sought medical care for his left eye. While he complained of headaches and vision problems in his left eye, he never mentioned the alleged excessive force on May 10, 2019, Officer Sutton or Officer Archer, or any cause for the medical problems he was experiencing.

In his response, Brodgen alleges that the kiosk was not always available. He states that there was renovation in the Jail and thus the kiosk was not always available during his hour of recreation. He also alleges that he did not know about the time limit applicable to filing a grievance. (Dkt. 36 at 1-2.)

### III. DISCUSSION

Defendants assert that Brodgen's claims are procedurally barred due to his failure to exhaust the administrative remedies available to him. In response, Brodgen contends that he was not required to exhaust his claims, that he could not exhaust his claims, and that he did not know of the procedural requirements for exhausting his claims.

Brodgen first contends that he was not required to exhaust his administrative remedies because he was not complaining about prison conditions. (Dkt. 34 at 3-4.) The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he

5

PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). Furthermore, contrary to Brodgen's assertions, the Handbook notifies inmates that a grievance can apply "to any aspect of institutional life," including "actions on the part of corrections personnel." (Dkt. 31-1- at 11.) The exhaustion requirement of the PLRA applies to Brodgen's claims of excessive force.

A. **Exhaustion**

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)); *see also Ross v. Blake*, 136 S. Ct. 1850, 1057-58 (2016) (explaining why "all inmates must now exhaust all available remedies" and concluding that "[e]xhaustion is no longer left to the discretion of the district court" (internal quotation marks and citation omitted)).

The Defendants have met their burden of proving that Brodgen did not complete the administrative grievance process as required by the PLRA. Although Brodgen filed several requests, including medical requests, during the time period between the alleged incident and when he filed his Complaint, he did not file a grievance concerning his claims that Sutton and Archer used excessive force. Thus, Brodgen has not fully exhausted the administrative grievance process.

B. **Availability**

6

While the PLRA has a strict exhaustion requirement, it also "contains its own, textual exception to mandatory exhaustion. Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross*, 136 S. Ct. at 1858.

"[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Id.* at 1858 (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted). It is the Defendants' burden to establish that the administrative process was available to Brodgen. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendant must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

The Defendants have met their burden of proving that the administrative grievance process was available to Brodgen. They submitted evidence establishing that Brodgen had access to and acknowledged receipt of the Handbook which outlined the administrative grievance process. They also submitted evidence that Brodgen used the kiosk system that facilitated the administrative grievance process.

Brodgen's arguments that the administrative grievance process was unavailable to him are not persuasive. First, he asserts that the kiosk system was not available to him due to renovations at the Jail. (Dkt. 36 at 1.) However, Brodgen does not specify when the kiosk was unavailable to him. His allegations that the kiosk "was not always available" are not sufficient to establish that the administrative grievance process was not available every day of the five-day period following the alleged use of excessive force on May 10, 2019.

7

Additionally, even if the Court assumes that the kiosk system was not available for every day of the five-day period, the Handbook directs inmates who are unable to file a grievance to request assistance from a corrections officer. Brodgen has not alleged that he complied with this portion of the administrative grievance process by asking a corrections officer for assistance when the kiosk was not available. The Handbook had a procedure in place to ensure inmates were able to file a timely grievance. Brodgen's failure to comply with that portion of the administrative grievance process does not render the process unavailable to him. *See Dole*, 438 F.3d at 809 (recognizing a "strict compliance approach to exhaustion" that requires a prisoner to "properly use the prison's grievance process").

Second, Brodgen argues that he did not know about the time limit applicable to filing a grievance. (Dkt. 36 at 2.) However, the Handbook contains all of the time limits for filing a grievance or appeal, and the Defendants have presented evidence that an inmate must acknowledge receipt of the Handbook prior to using the kiosk system to submit grievances or requests. Because Brodgen was able to submit requests, he must have acknowledged that he received the Handbook. Brodgen's failure to learn the time constraints of the administrative grievance process after receiving the relevant information does not render the process unavailable.

## IV. <u>CONCLUSION</u>

As explained above, the Defendants have demonstrated that Brodgen failed to exhaust the administrative remedies available to him before filing this lawsuit. The consequence, in light of § 1997e(a), is that this action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice").

The Defendants' Motion for Summary Judgment, Dkt. [29], is **GRANTED** and the Defendants' Motion to Strike, Dkt. [37], is **DENIED**. This action is **DISMISSED without prejudice**.

Final judgment shall now issue.

**SO ORDERED.**

Date: 3/12/2020

*Tanya Walton Pratt* (signature)

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kyree D. Brodgen, #126582
FLOYD COUNTY JAIL
Inmate Mail/Parcels
P.O. Box 1406
New Albany, Indiana 47150

Corey J. Dunn
KIGHTLINGER & GRAY LLP
cdunn@k-glaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com